## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEIGHTON CHUNG et al.,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| **v.** | : | **3:14-CV-00490** |
| | : | **(Judge Mariani)** |
| **WYNDHAM VACATION RESORTS, INC.** | : | |
| | : | |
| **Defendant.** | : | |

### MEMORANDUM OPINION

### I. Introduction

Presently before the Court is Plaintiffs' Motion for Conditional Certification. (Doc.

18). The issue has been fully briefed and is ripe for decision. For the reasons that follow,

the Court will grant Plaintiffs' motion.

Plaintiffs, employed by Defendant Wyndham Vacation Resorts, Inc., were

salespersons at the Wyndham Vacation Resorts Shawnee Village. Plaintiffs allege that

Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and

the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, et seq., by

"mandat[ing] that Plaintiff and other Sales Employees report 40 or fewer work hours per

week even though these employees actually work[ed] over 40 hours" and that "on those

workweeks when Plaintiff and other Sales Employees actually entered more than 40 hours

into the company timekeeping system, Defendant's managers usually would alter the

timekeeping entries to eliminate the overtime work." (Doc. 1, ¶¶ 12-13). As a result, Plaintiffs request that the Court conditionally certify an FLSA collective, encompassing "all sales employees (including, *inter alia*, Sales Representatives) employed by Defendant at the Wyndham Vacation Resorts Shawnee Village ("the Shawnee Facility") during any workweek within the past three years." (Doc. 18, at 1).

## II. Analysis

The FLSA permits an action to be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). The burden is upon the plaintiff to show that he is similarly situated to the proposed class members. *See Burkhart-Deal v. CitiFinancial, Inc.*, 2010 WL 457127, at *1 (W.D. Pa. Feb. 4, 2010).

The term "similarly situated" is not defined in the text of the FLSA, and neither the Third Circuit nor the United States Supreme Court have provided clear guidance as to how this standard should be applied. *See* 29 U.S.C. § 203; *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 389 n. 17 (3d Cir. 2007); *see also Bell v. Citizen Financial Grp., Inc.*, 2010 WL 3463300, at *2 (W.D. Pa. Sept. 2, 2010). Nevertheless, district courts within the Third Circuit have developed a two-part test to determine the propriety of certification. *See Craig v. Rite Aid Corp.*, 2009 WL 4723286, *2 (M.D. Pa. Dec. 9, 2009). "First, the court must decide whether

a class should be certified conditionally in order to give notice to the potential class members and to allow for pretrial discovery regarding the individual claims." *Id.* (citing *Woodward v. FedEx Freight East, Inc.*, 250 F.R.D. 178, 190-91 (M.D. Pa. 2009)). "After the class has been conditionally certified, notice and opportunity to opt-in has been given to the potential plaintiffs, and discovery has been conducted, the court may then 'be asked to reconsider the conditional class certification to determine whether the 'similarly situated' standard has been met.'" *Id.* (quoting *Stanislaw v. Erie Indem. Co.*, 2009 WL 426641, *1 (W.D. Pa. Feb. 20, 2009)). The Third Circuit "[has] made clear that the standard for final certification is more stringent than the standard for conditional certification." *Zavala v. Wal Mart Stores, Inc.*, 691 F.3d 527, 534 (3d Cir. 2012).

When a Plaintiff is requesting that the Court provide conditional certification, "a plaintiff's burden to demonstrate that the named class is similarly situated is 'relatively light.'" *Craig*, 2009 WL 4723286, at *2 (citing *Stanislaw*, 2009 WL 426641, at *1)). The "initial determination usually results in conditional certification." *Id.* (citing *Woodward*, 250 F.R.D. at 191)). "The burden in this preliminary certification is light because the risk of error is insignificant: should further discovery reveal that the named positions, or corresponding claims, are not substantially similar the defendants will challenge the certification and the court will have the opportunity to deny final certification." *Id.* To make a determination at this initial stage, courts generally look to the pleadings and affidavits of the parties. *See Aquilino v. Home Depot, Inc.*, 2006 WL 2583563, *1 (D.N.J. Sept. 7, 2006).

3

As a result of the initially "light" standard, a plaintiff need only make a "modest" factual showing to demonstrate the propriety of conditional class certification. *See Outlaw v. Secure Health, L.P.*, 2012 WL 3150582, *3 (M.D. Pa. Aug. 2, 2012). "This standard, though more stringent than the 'mere allegation' approach, is nonetheless an 'extremely lenient standard.'" *Gallagher v. Lackawanna Cnty.*, 2008 WL 9375549, *8 (M.D. Pa. May 30, 2008) (quoting *Smith v. Sovereign Bank*, 2003 WL 22701017, *3 (E.D. Pa. Nov. 13, 2003)). To establish such a showing, "a plaintiff must produce some evidence, 'beyond pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected [him] and the manner in which it affected other employees." *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 193 (3d Cir. 2011), *rev'd on other grounds*, --- U.S.---, 133 S.Ct. 1523, 185 L.Ed.2d 636 (2013). Accordingly, in order to grant a plaintiff's motion for conditional class certification, "the court must be convinced that plaintiff and the potential class members are 'similarly situated' under the 'modest factual showing' standard." *Outlaw*, 2012 WL 3150582, at *3. In the present case, Plaintiffs meet the modest burden of demonstrating that the potential class members are "similarly situated"—essentially, that they were harmed by an alleged policy or practice undertaken by Defendant for which they are now ostensibly entitled to compensation.

Here, Plaintiffs submitted the declarations of five former Shawnee Facility salespeople, and subsequently three additional declarations in their Reply Brief. (*See* Doc. 23-2; Doc. 43-1). Each declaration contains sufficient allegations of "substantial similarity"

4

between potential class members for Plaintiffs to meet their burden for conditional

certification. Despite Defendant's claim that the "declarations reveal significant differences

between [plaintiffs'] claims" (Doc. 39, at 7), the sworn statements contain considerably

similar language and allegations.[1] The declarations each contend: (1) that the potential

class member worked for Defendant as a salesperson; (2) the employee often worked in

excess of 40 hours per week; (3) based on the affiant's personal observations, other

salespersons also worked over 40 hours per week; (4) Defendant generally prohibited the

salesperson from reporting all of his or her work hours; (5) Defendant would occasionally

adjust the employee's reported hours downward if the person's hours exceeded 40 per

week; (6) the affiant heard and/or was told that Defendant would also adjust other

salespersons' reported hours downwards if they exceeded 40 on any given week. (*See*

*generally*, Doc. 23-2; Doc. 43-1).

Defendant's Brief in Opposition to Plaintiff's Motion for Conditional Certification

repeatedly focuses on Defendant's submission of twenty-one declarations from "line and in-

house sales representatives" as well as members of Wyndham's management team, which

Plaintiffs admit are irreconcilable with their own submitted declarations. (Doc. 39, at 8-10,

15-17, 21-22, 24; Doc. 43, at 2-3). Defendant asserts that "information that other individuals

within the putative class were not subjected to the same alleged unlawful practices is

---

[1] Defendant's enumeration of the "significant differences" are in actuality a list of what is not stated or identified in most or any of the declarations. While the absence of certain allegations and facts in the declarations may be of import to the Court's consideration of final certification, to consider them now would impose a higher burden on Plaintiff than currently required, and Defendant's arguments are therefore premature.

5

relevant to whether the class is similarly situated at this stage of the analysis and whether

individualized analysis is required to resolve Plaintiffs' claims." (Doc. 39, at 16). However,

where "plaintiffs have adduced sufficient evidence to meet step one's 'extremely lenient

standard' for conditional certification, evidence offered by the defendant purporting to show

plaintiffs are not similarly situated to absent class members, while significant after discovery

and during the step-two analysis, does not compel denial of conditional certification."

*Gallagher*, 2008 WL 9375549, at *9. Therefore, in light of Plaintiffs' consistent and

adequately detailed declarations and allegations, largely based on first-hand knowledge and

experiences, Defendant's submissions are insufficient at this early stage to surmount

Plaintiffs' evidence that they are similarly situated to other members of the putative

collective action group and were subject to FLSA violations.

Defendant further requests that, should the Court conditionally certify this action, the

class be limited to:

> [T]hose sales representatives employed by Wyndham at its Shawnee facility
> from the date two years preceding the Court's decision on this matter through
> December 2012 that: (1) have worked more than forty hours per week on at
> least one occasion; and (2) have been instructed to, and did, report forty or
> fewer hours per week when they worked more than forty hours in a workweek
> and/or have had their time records altered to reflect that they worked less
> time than they recorded.

(Doc. 39, at 25). Defendant's attempt to limit the potential class in this manner is

unfounded. The core of Plaintiffs' claim consists of allegations that Defendant mandated

sales employees to report 40 or fewer work hours per week even when these employees

6

worked over 40 hours and that when a sales employee actually entered more than 40 hours into the company timekeeping system, Defendant's managers altered the timekeeping entries to eliminate the overtime work. As such, Defendant's argument that any putative class member must "have worked more than forty hours per week on at least one occasion" is illogical given the allegations that putative class members could not, or were prevented from, reporting over 40 hours a week. Applying Defendant's definition, it is likely that a number of putative class members would be overlooked if notice and consent forms were only mailed to employees whose time records indicated that they had worked over 40 hours per week.

Defendant's request that the Court limit the FLSA collective "from the date two years preceding the Court's decision on this matter through December 2012" is also without merit. Defendant's argument is seemingly based on the fact that "with the exception of Mark Lester, none of the Plaintiffs have been employed by Wyndham since December 2012."[2] (Doc. 39, at 7). It is unclear why this limits the collective period. In FLSA actions, a plaintiff must bring a claim within two years after the accrual of the cause of action, however, if the defendant's violation is proven willful, the statute of limitations is extended to three years. *See* 29 U.S.C. § 255(a). "'Whether Defendant['s] violations of the FLSA were willful is an issue going to the merits of the case and not whether notice should be issued to

---

[2] On August 8, 2014, Jessica Williamson opted-in to this action. In her declaration, attached to Plaintiffs' Reply Brief, she states that she worked at Wyndham "until approximately June 2013." (Doc. 43-1).

potential claimants.' Facts regarding willfulness must be explored during discovery, and the [Defendant] may challenge the three-year statute of limitations at a later date." *Gallagher,* 2008 WL 9375549, at \*9 (quoting *Resendiz–Ramirez v. P & H Forestry, LLC,* 515 F.Supp.2d 937, 942 (W.D.Ark.2007)) (internal citation omitted); *see also Pignataro v. Port Auth. of N.Y. & N.J.,* 593 F.3d 265, 273 (3d Cir.2010) ("Whether a violation of the FLSA is willful is a question of fact that is reviewed for clear error."). Therefore, at this stage in the litigation, Plaintiffs' allegations in the Complaint that "Defendant's conduct [. . .] has been willful and undertaken with reckless disregard of clearly applicable FLSA provisions" (Doc. 1, ¶ 14), and the accompanying factual allegations in the Complaint, have been sufficiently pleaded to warrant notice based on a three year statute of limitations period.[3]

Finally, with respect to the term "sales representatives" as opposed to Plaintiffs' proposed language of "sales employees (including, *inter alia,* Sales Representatives)", in light of Plaintiffs' representation that "plaintiffs would be willing to limit the collective to 'sales

---

[3] As a result of the discussion between counsel and this Court on June 24, 2014, there is a need to address the question of when the statute of limitations tolled in this action. In that conference, in response to a desire expressed by Defendant's counsel to engage in discovery by deposition as a condition of the formulation of a putative class for conditional certification purposes, Plaintiff's counsel agreed to such discovery, but requested a further agreement as to the tolling of the applicable statute of limitations during the period of time in which Defendant conducted discovery. Subsequent submissions by the parties to the Court reveal that no agreement was ever reached as to the date for tolling and that no such discovery by deposition was conducted. (*See* Docs. 27, 31, 34, 35). After review of the parties' Court ordered submissions on the tolling issue, it is apparent that the parties' dispute is trivial. Plaintiffs have ultimately asked that the FLSA statute of limitations period be tolled as of August 25, 2014 (Doc. 35) and Defendant states that it has agreed to toll the statute of limitations as of August 18, 2014 (Doc. 34). While the parties should seemingly be capable of reaching an agreement given the minimal difference in their positions, the Court finds that Plaintiff's position is reasonable given Defendant's litigation tactics and Plaintiff's willingness to comply with Defendant's relatively uncommon request for discovery prior to conditional certification.

representatives' so long as the parties' lawyers can reach a mutual understanding of which employees are covered by such terminology" (Doc. 43, at 11-12), the Court need not currently address this issue.

"At the 'reconsideration phase,' after potential class members have filed their consents to opt in and after there has been further discovery to support the plaintiffs' allegations, a district court may revoke conditional certification if the proposed class does not meet FLSA's 'similarly situated' requirement." *Ruehl*, 500 F.3d at 388 n.17. Ultimately, Defendant raises several unresolved issues of consequence; however they are inappropriate for consideration by the Court at this stage in the proceedings.[4] To do so would require the Court to engage in a premature factual analysis. Wyndham will have an opportunity after further discovery to raise these arguments again, as well as any additional arguments that may be warranted. Such issues are better determined at the second stage of the certification analysis, and not in the conditional certification inquiry, where a sufficient number of facts have been produced to overcome the "modest burden" required to show the existence of "similarly situated" prospective class members.

---

[4] Specifically, in addition to Defendant's aforementioned arguments, Defendant lists nine items which it contends that Plaintiffs do not allege, thereby "fall[ing] far short of that required to warrant collective treatment", including "whether upper management knew of the alleged off-the-clock work or time altering" and "when the alleged instruction to work off-the-clock was given to sales representatives." (Doc. 39, at 1-2)

## III. Conclusion

For all of the foregoing reasons, the Court will grant Plaintiffs' Motion for Conditional

Certification (Doc. 18).  A separate Order follows.

Robert D. Mariani
United States District Judge